IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:12-CR-00059-RC |
| v. | § | |
| | § | |
| | § | |
| ERNEST VANTREZES MALLARD (5), | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 23, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ernest Vantrezes Mallard. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Public Defender Wayne Dickey.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at least 28 grams, but less than 112 grams of a mixture containing a detectable amount of cocaine base (crack), a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. On December 9, 2013, District Judge Michael Schneider sentenced Defendant to 63 months of imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include that Defendant provide the probation officer with access to any requested financial information for the purposes of monitoring efforts to obtain and maintain lawful employment, and participation in a program of testing and treatment for drug

1

abuse.  On December 8, 2015, Defendant completed the term of imprisonment and began his term of supervised release.[1]

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and from purchasing, possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.  In its petition, the government alleges that Defendant violated this condition of supervised release by submitting urine samples on April 17, April 24, May 9, and May 15, 2017 that tested positive for marijuana.

Based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession.  If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana, and thus possessing marijuana, Defendant will have committed a Grade C violation.  U.S.S.G. § 7B1.3(a)(2).  Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.3(a)(2).  Considering Defendant's criminal history category of II, the Guideline Imprisonment Range for a Grade C violation is 4 to 10 months.  U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above.  In exchange, the government agreed to recommend a sentence of 6 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Ernest Vantrezes Mallard be committed to the custody of the Bureau of Prisons for a

---

[1] On February 11, 2015, Judge Schneider reduced the sentence to 60 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

term of imprisonment of 6 months with no supervised release to follow.  The Court **FURTHER RECOMMENDS** that the place of confinement be Seagoville or Texarkana in order to facilitate family visitation.

**So ORDERED and SIGNED this 23rd day of August, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE